AO 106 (Rev. 04/10) Application for a Search Warrant




SEALED

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

FEB 2 1 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 1:18mj25
STORED ELECTRONIC COMMUNICATIONS (TEXT )
MESSAGES) OF TELEPHONE NUMBER )
(276) 608-4324 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment "A"

located in the _____ District of _____ New Jersey _____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment "B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC 841(a)(1) | Distribution of a controlled substance |
| 21 USC 846 | Conspiracy to distribute a controlled substance |

The application is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Kevin Widener, DEA Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2/21/18

_____
*Judge's signature*

City and state: Abingdon, Virginia

Pamela Meade Sargent, United States Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR TELEPHONE ASSIGNED PHONE NUMBER (276) 608-4324, THAT IS STORED AT PREMISES CONTROLLED BY CELLCO PARTNERSHIP DBA VERIZON WIRELESS | UNDER SEAL<br><br>CASE NO. |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Kevin Widener, United States Department of Justice, Drug Enforcement Administration, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for information associated with certain accounts that is stored at premises owned, maintained, controlled, or operated by CELLCO Partnership DBA Verizon Wireless, a wireless provider headquartered at 180 Washington Valley Road, Bedminster, New Jersey 07921. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under Title 18, United States Code, Sections 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require CELLCO Partnership DBA Verizon Wireless to disclose to the government records and other information in its possession pertaining to the subscriber or customer associated with the accounts, including the contents of communications.

2. I am a Task Force Officer for the United States Drug Enforcement Administration (DEA) and have been assigned this position since July, 2014. I have been employed by the Washington County Sheriff's Office (WCSO) since 1999 and have been assigned to investigate drug cases since 2003. Based on my training and experience I have become familiar with methods used by drug traffickers to smuggle and safeguard narcotics, to acquire, possess, and distribute narcotics, and to collect and launder proceeds of illegal drug distributions. Your affiant is aware of the sophisticated tactics those who distribute drugs routinely use to attempt to thwart detection by law enforcement, which includes the utilization of multiple cellular telephones, counter surveillance, elaborately planned distribution schemes, false or fictitious identities, and coded communications and conversations.

1

3. I was trained as a Police Officer at the Southwest Virginia Criminal Justice Training Academy in Bristol, Virginia. During my training at the law enforcement academy, I received specialized training in drug laws and drug recognition. Over the past sixteen (16) years, I have attended several classes/courses specializing in techniques and procedures to investigate drug cases. This training includes courses that directly relate to acquisition, possession, manufacturing and distribution of drugs and their subsidiaries, including, but not limited to, the following: (1) marijuana, (2) cocaine, (3) heroin, (4) methamphetamine, and (5) prescription drugs. For the past five (5) years, I have taught a search warrant class and assisted with teaching a drug identification class at the Southwest Criminal Justice Training Academy. These classes cover current drug trends, drug use and abuse, and the tactics used by individuals/distributors to acquire, manufacture and distribute narcotics.

4. During my employment as a Police Officer and DEA Task Force Officer I have directed and participated in numerous investigations involving the seizure of the above listed controlled substances, the seizure of narcotic related records, and other types of evidence, to include documents concerning both an individual and criminal organization's activities in illegally acquiring, possessing, manufacturing, and distributing controlled substances.

5. To successfully conduct these investigations, I have utilized a variety of investigative techniques and resources, including physical and electronic surveillance and various types of informants and cooperating sources. Through these investigations, my training and experience, and conversations with other experienced Agents and law enforcement personnel, I have become familiar with the methods used by individuals and traffickers to illegally acquire, possess, smuggle and safeguard narcotics, to distribute narcotics, and collect and launder related proceeds. I am aware of the sophisticated tactics they routinely use to attempt to thwart any investigation of their illegal behavior. My knowledge of these tactics, which include the utilization of false or fictitious identities and the use of false or fictitious documents, has been particularly useful and relevant to this investigation.

6. The information contained in this affidavit is based on my personal observations, observations of other law enforcement officers, observations of a Cooperating Source (CS) as related to me, my review of official police and government reports, my review of records and documents gathered during this investigation, and consultation with other Agents involved in the investigation.

7. This affidavit contains information necessary to support probable cause for the search warrant. The information contained in this affidavit is not intended to include each and every fact and matter observed by or known to the Government with regard to this investigation.

8. This affidavit is submitted in support of a request that a search warrant be issued for the stored electronic communications, specifically text messages, associated with the cellular

2

Case 1:18-mj-00025-PMS   Document 3   Filed 02/21/18   Page 3 of 12   Pageid#: 5

telephone bearing telephone numbers ~~(909) 936-5644 (Target Telephone 1),~~ (276) 739-8672 ~~(Target Telephone 2) and~~ (276) 608-4324 (Target Telephone 3).

9. As a result of this investigation, your affiant believes that Carlos LABRA and Justin HALE utilized Target Telephones 1, 2 and 3 to distribute crystal methamphetamine in the Western District of Virginia.

## STATEMENT OF PROBABLE CAUSE

10. On October 31, 2017, Justin HALE was stopped in Washington County, Virginia, for operating a vehicle with defective equipment. During the course of the stop, officers observed crystal methamphetamine strewn about the vehicle. HALE was taken into custody and officers recovered a plastic container which contained a clear liquid and an undetermined amount of crystal methamphetamine. HALE admitted he had more crystal methamphetamine at his residence and called Elizabeth HALE and told her to bring the rest of the crystal methamphetamine to his location. Elizabeth HALE arrived a short time later and relinquished a Tupperware bowl containing several ounces of crystal methamphetamine.

11. Elizabeth was released and Justin was transported to the Abingdon Regional Jail where he was taken before a State Magistrate and charged with Possession with Intent to distribute crystal methamphetamine. He was held without bond and remanded to the custody of the Jail.

12. Later that day, Justin HALE was approached by Investigators. He waived his rights and provided a statement wherein he admitted to acquiring and selling multiple pounds of crystal methamphetamine, since the beginning of 2017, for a source in California. He identified his source in California as Carlos LABRA and admitted they used text messages and emails to communicate. HALE paid LABRA $600 for each ounce of crystal methamphetamine but the two had reached an agreement wherein the price would be reduced to $500 an ounce starting in December of 2017.

13. On November 9, 2017, a Federal Search Warrant was obtained and executed in the Western District of Virginia, for text messages, for three cellular telephone numbers associated with Justin HALE. Below are some of the text messages between a previous number for LABRA (310-435-5978) and HALE's telephone (276-623-6111):

10/28/17 from HALE to LABRA: *ANOTHER ORDER OF PAPER WILL BE GOING OUT MONDAY*

10/28/17 from LABRA to HALE: *THAT WORKS*

3

Based on my training, experience and knowledge of this case, I believe HALE informed LABRA that he would be sending him money on Monday.

10/30/17 from LABRA to HALE: *WE HAVE BEEN IN BUSINESS A GOOD LITTLE WHILE IVE SEEN YOU GET OUT OF HOLES BEFORE SO I DONT DOUBT YOU I HAVE SUPERIORS I HAVE TO RESPOND TO THAT GET UNEASY WHEN I HAVE TO EXPLAIN WHY WE NEED MORE PAINT IN THAT REGION WE WILL HAVE 4 TO YOU BY WEDNESDAY AND THE PEARLS THURSDAY WHAT IS THE PRICE YOU WOULD FEEL IS BETTER FOR YOU AND WE HAVE GOT TOGETHER HERE AND DISCUSSED YOUR PRICE STARTING DEC 1ST I WILL MAKE SURE ITS AT LEAST WHAT IS THE PRICE YOU WOULD FEEL IS BETTER FOR YOU AND WE HAVE GOT TOGETHER HERE AND DISCUSSED YOUR PRICE STARTING DEC 1ST I WILL MAKE SURE ITS AT LEAST DOWN TO 5 FROM 6 EVEN IF I HAVE TO TAKE A CUT THE MAIN CONCERN WITH MY PEOPLE IS THE DEBT AND ALL I CAN SAY IS LOYALTY GOES A LONG WAY IN THIS BUSINESS*

10/30/17 from HALE to LABRA *SO DECEMBER 1ST 500?*

10/30/17 from LABRA to HALE *YES SIR*

BASED on my training, experience and knowledge of this case, I believe LABRA reiterated the two had been in business for more than a short period of time and HALE had been in debt to LABRA before but always managed to get him what he owed for his drug debt. LABRA would work with his superiors to get HALE four ounces of crystal methamphetamine by Wednesday and cocaine on Thursday. Starting December first, the price will be reduced, as discussed, to $500.

14. On November 13, 2017, HALE was again interviewed by Investigators. HALE stated LABRA's cellular telephone number was (310) 435-5978. HALE stated that was the number he used to communicate with LABRA.

15. HALE obtained David Scyphers as an Attorney and on December 29, 2017, HALE met your affiant and his attorney at Scyphers' Law Office. HALE stated LABRA's new cell phone number was (909) 936-5644 (Target Telephone 1). HALE further stated LABRA and HALE used Target Telephone 1 to communicate.

16. On January 23, 2018, a Federal Search Warrant was obtained and executed in the Western District of Virginia for text messages and other information for Target Telephone 1. Below is a portion of a conversation that took place between Target Telephone 1 and 2.

*[handwritten: (276) 739-8672 (Target Telephone 2) MKL 2/21/18 pms]*

4

January 19, 2018 from Target Telephone 1 to Target Telephone 2:
*HEY ARE U GONNA BE SENDIN INVOICES SOON? HOWS EVERYTHIN SO FAR*

January 21, 2018 from Target Telephone 2 to Target Telephone 1:
*I HAVE BEEN HAVING SOME PROBLEMS WITH THE LAST ORDER IT SMELLS AND TASTES LIKE DRYER SHEETS IS THERE ANYWAY IT CAN BE PACKED DIFFERENT TO AVOID THIS HAPPENING.*

January 22, 2018 from Target Telephone 1 to Target Telephone 2:
*HEY I DID GET YOUR MESSAGE AND YES IL WORK ON THT TO SE IF I CAN GET THE PAINT IN DIFFERENT CONTAINERS*

January 22, 2018 from Target Telephone 1 to Target Telephone 2:
*YES I CAN DO THT AND I DO BELIEVE YOU WIL TAKE CARE OF THE INVOICES THTS WHY I STIL SEND PAINT WEN THE INVOICE BALANCE IS HIGH*

January 22, 2018 from Target Telephone 1 to Target Telephone 2:
*HOW MANY INVOICES ARE YOU SENDIN*

January 22, 2018 from Target Telephone 1 to Target Telephone 2:
*WERE THE INVOICES SENT OUT SO I KNW*

17. On February 6, 2018, I had a telephone conversation with HALE. He informed me one of LABRA's distributors had been caught with 25 pounds of methamphetamine and LABRA's code for methamphetamine involved paint.

    Based on my training, experience and knowledge of this case, I know one of LABRA's associates had recently been caught with approximately 25 pounds of crystal methamphetamine. Additionally, I believe the messages from target telephone 1 are regarding payment for crystal methamphetamine and the messages from target telephone 2 are regarding the crystal methamphetamine being packaged in different containers because of the smell and taste.

18. On February 12, 2018, at 1:41 pm, Justin HALE traveled to the DEA Bristol Post of Duty to speak with me and SA Brian Snedeker regarding Carlos LABRA and the crystal methamphetamine LABRA had been sending HALE.

19. HALE stated he primarily contacted LABRA through cellular telephone text messaging. The two men rarely spoke on the telephone and they no longer utilized emails. HALE used a

5

Trac Phone with the number (276) 739-8672. HALE planned on changing his number in a week or two. LABRA had used phone number (909) 936-5644 but recently changed it and was using (949) 354-3960. HALE was supposed to contact LABRA only on his Trac Phone but occasionally HALE forgot and contacted him on his iPhone, (276) 608-4324 (Target Telephone 3).

20. HALE's price per ounce did drop to $500.

21. HALE and LABRA could not agree on how much money HALE owed LABRA for crystal methamphetamine. HALE estimated he owed approximately forty thousand dollars but LABRA thought HALE owed seventy thousand dollars. HALE was positive he was correct in the amount owed because he kept records of their transactions. HALE specifically stated he probably shouldn't keep information on his phone. He stated he should delete it but never deleted anything from his phone.

22. Based on the facts set forth above, I believe that Carlos LABRA and Justin HALE utilized the text messaging services of the Target Telephones to distribute methamphetamine in the Western District of Virginia.

## VERIZON WIRELESS ELECTRONIC COMMUNICATIONS

23. In my training and experience, I have learned that Verizon Wireless is a company that provides cellular telephone access to the general public, and that stored electronic communications, including retrieved and unretrieved voicemail and text messages for Verizon Wireless subscribers may be located on the computers of Verizon Wireless. Further, I am aware that computers located at Verizon Wireless contain information and other stored electronic communications belonging to unrelated third parties.

24. Among the services commonly offered by wireless phone providers is the capacity to send short text or multimedia messages (photos, audio, or video) from one subscriber's phone or wireless device to another phone or wireless device via one or more wireless providers. This service is often referred to as "Short Message Service" ("SMS") or "Multimedia Messaging Service" ("MMS"), and is often referred to generically as "text messaging" or "wireless messaging."

25. I have spoken with representatives of Verizon Wireless and understand that during the regular course of business they may possess five (5) to seven (7) days of stored electronic communications, namely text messages.

6

26. On February 14, 2018, a letter was sent to Verizon Wireless requesting that they preserve all historical electronic communications associated with the Target Telephone 3, pursuant to Title 18 United States Code (USC) 2703(f).

## LOCATION TO BE SEARCHED AND THINGS TO BE SEIZED

27. I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Verizon Wireless to disclose to the government copies of the records and other information (including the content of communications) particularly described in Attachment A. Upon receipt of the information described in Attachment A, the information described in Attachment B will be subject to seizure by law enforcement.

## CONCLUSION

28. Based on my training and experience, I know that those involved in drug trafficking activities commonly use multiple cellular telephones, to include the text messaging capabilities, to contact others to discuss and arrange drug transactions and to further their illicit drug business. I also know that it is common for those involved in drug trafficking activities to change cellular telephones and telephone numbers frequently to avoid detection by law enforcement.

29. Based on the forgoing, there is probable cause to believe that the stored electronic communications, specifically stored text messaging and the associated packet data for the Target Telephone(s), contain evidence of drug trafficking, specifically violations of Title 21 USC 841 and 846, Distribution of Methamphetamine and Conspiracy to Distribute Methamphetamine, respectively.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

*MK Widener*

Task Force Officer Kevin Widener
Drug Enforcement Administration

Sworn and subscribed before me this day: 2/21/18

*Pamela Meade Sargent*

HONORABLE JUDGE PAMELA MEADE SARGENT
UNITED STATES DISTRICT COURT IN THE
WESTERN DISTRICT OF VIRGINIA

Seen by:

Zachary T. Lee, AUSA

8

## ATTACHMENT A

**Property to Be Searched**

This warrant applies to information associated with cellular telephone number (276) 608-4324 and stored at premises owned, maintained, controlled, or operated by CELLCO Partnership DBA Verizon Wireless, a wireless provider headquartered at 180 Washington Valley Road, Bedminster, NJ, 07921.

9

Case 1:18-mj-00025-PMS  Document 3  Filed 02/21/18  Page 10 of 12  Pageid#: 12

## ATTACHMENT B

**Particular Things to be seized**

**INFORMATION TO BE DISCLOSED BY CELLCO DBA VERIZON WIRELESS:**

To the extent that the information described in Attachment A is within the possession, custody, or control of CELLCO Partnership DBA Verizon Wireless, including any messages, records, files, logs, or information that have been deleted but are still available to CELLCO Partnership DBA Verizon Wireless or have been preserved pursuant to a request made under Title 18, United States Code, Section 2703(f), CELLCO Partnership DBA Verizon Wireless is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a. All voice mail, text, and multimedia messages stored and presently contained in, or on behalf of the account or identifier;

b. All existing printouts from original storage of all of the text messages described above;

c. All transactional information of all activity of the telephones and/or voicemail accounts described above, including log files, messaging logs, local and long distance telephone connection records, records of session times and durations, dates and times of connecting, methods of connecting, telephone numbers associated with outgoing and incoming calls, cell towers used, and/or locations used from February 7, 2018 to present;

d. All text messaging logs, including date and time of messages, and identification numbers associated with the handsets sending and receiving the message;

e. All business records and subscriber information, in any form kept, pertaining to the individual accounts and/or identifiers described above, including subscribers' full names, addresses, shipping addresses, date account was opened, length of service, the types of service utilized, ESN (Electronic Serial Number) or other unique identifier for the wireless device associated with the account, Social Security number, date of birth, telephone numbers, and other identifiers associated with the account;

f. Detailed billing records, showing all billable calls including outgoing digits, from February 7, 2018 to present;

g. All payment information, including dates and times of payments and means and source of payment (including any credit or bank account number), from February 7, 2018 to present;

h. Incoming and outgoing telephone numbers, from February 7, 2018 to present;

10

i. All records indicating the services available to subscribers of individual accounts and/or identifiers described above;
j. All records pertaining to communications between CELLCO Partnership DBA Verizon Wireless and any person regarding the account or identifier, including contacts with support services and records of actions taken.

## II. INFORMATION TO BE SEIZED BY THE GOVERNMENT

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(C) involving Carlos LABRA and others known and unknown to the agents since January 30, 2018, including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

Various texts messages concerning violations of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(C).

Records relating to who created, used, or communicated with the account or identifier, including records about their identities and whereabouts.